**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| Nicholas Sanchez, | § | |
| Plaintiff, | § | |
| | § | Case No. |
| vs. | § | |
| | § | **COMPLAINT** |
| Lendmark Financial Services, LLC, | § | Jury Trial Demanded |
| PAR, Inc., and Dust Bowl Transportation | § | |
| Incorporated, | § | |
| | § | |
| Defendants. | § | |

**NATURE OF ACTION**

1. Plaintiff Nicholas Sanchez brings this action against Defendants Lendmark Financial Services, LLC ("LFS"), PAR, Inc. ("PAR"), and Dust Bowl Transportation Incorporated ("Dust Bowl") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

1

5. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

6. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 644 S.E.2d 43, 49 (S.C. 2007).

7. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

8. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

9. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

10. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in San Angelo, Texas.

12. Plaintiff is allegedly obligated to pay a debt.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. LFS is a company that regularly purchases consumer paper in the form of automobile loans.

15. LFS is a Georgia limited liability company that operates in this district.

16. At all relevant times, PAR was acting as a repossession agent working at the behest of LFS.

17. At all relevant times, PAR was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which was the enforcement of security interests.

18. PAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Dust Bowl is a Texas corporation.

20. Dust Bowl, through its principle, Jason C. Foreman, operates under Texas Department of Licensing and Regulation towing license 006588269C.

21. Dust Bowl's principle, Jason C. Foreman, has been issued U.S. Department of Transportation Number 3373668.

22. At all relevant times, Dust Bowl was acting as a repossession agent working at the behest of LFS and PAR.

23. At all relevant times, Dust Bowl was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

24.     Dust Bowl is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

25.     On or about December 27, 2021, Plaintiff purchased a 2014 Ford F150 (the "Vehicle") from non-party, Texas Truck World.

26.     Plaintiff purchased the Vehicle for his own personal, family, and household use.

27.     The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

28.     Plaintiff financed the purchase of the Vehicle with LFS.

29.     In connection with the transaction, Plaintiff executed a loan agreement (the "Contract") with LFS.

30.     The Contract provided LFS a security interest in the Vehicle.

31.     The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

32.     LFS is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

33.     LFS later engaged its repossession agent, PAR, to repossess the Vehicle.

34.     PAR in turn hired Dust Bowl to conduct the actual repossession.

35.     On April 1, 2024, Dust Bowl's employee went to Plaintiff's home to repossess the Vehicle.

36.     At this time, Plaintiff's fiancé, Amber Dowlearn, was outside smoking a cigarette.

37.     Ms. Dowlearn noticed Dust Bowl's arrival.

38.     She ran to Dust Bowl, immediately protested the repossession, and entered the Vehicle.

39. Dust Bowl's employee had already exited Dust Bowl's tow vehicle, and then stood in front of the Vehicle and began yelling at Ms. Dowlearn.

40. She continued her protest and told him he was trespassing

41. Dust Bowl's employee refused to leave the property and instead got back in the two vehicle and lifted the Vehicle while Ms. Dowlearn occupied it.

42. Terrified, Ms. Dowlearn called Plaintiff and advised him of what was happening.

43. Plaintiff returned home, where he discovered Ms. Dowlearn in the now-lifted Vehicle.

44. Shortly thereafter, a sheriff's deputy arrived on the scene.

45. Upon information and belief, upon the deputy's arrival, Dust Bowl solicited the deputy's assistance with the repossession.

46. The deputy then agreed to assist Dust Bowl with the repossession.

47. With the deputy's assistance, Dust Bowl completed the repossession over Ms. Dowlearn's and Plaintiff's protests.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### DUST BOWL AND PAR

48. Plaintiff repeats and re-alleges each factual allegation contained above.

49. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

50. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

51. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Ford Motor*

5

*Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Martin v. Dorn Equip. Co.*, 821 P.2d 1025, 1028 (Mont. 1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) ("[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.").

52.     Plaintiff and Ms. Dowlearn protested the repossession.

53.     Once they protested the repossession, Dust Bowl lost the right to continue with the repossession.

54.     Nonetheless, Dust Bowl continued with its repossession and thereby breached the peace.

55.     A repossession agent breaches the peace if he uses force on the body of a consumer by lifting a vehicle while it is occupied. *See Hansen v. Santander Bank, N.A.*, No. 22-cv-3048 (SRN/TNL), 2023 U.S. Dist. LEXIS 150926, at *15 (D. Minn. Aug. 28, 2023) (collecting cases); *Nieves v. Able Auto Adjusters*, No. CV-18-8262 (AGRx), 2019 U.S. Dist. LEXIS 239628, 2019 WL 13043035, at *1 (C.D. Cal. Mar. 12, 2019) (attempting to repossess a car while an occupant is known to be in it a breach of the peace); *Sinegal v. Big Horn Auto Sales, Inc.*, CIVIL ACTION No. H-21-3102, 2022 U.S. Dist. LEXIS 46409, 2022 WL 799908, at *3 (S.D. Tex. Mar. 16, 2022) (breach of peace where the tow truck crashed into the plaintiff's vehicle and then lifted it while it was occupied by two people) *Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020) (noting that moving a vehicle while it is occupied sufficiently pleads breach of the peace); *Smith v. AFS Acceptance, LLC*, No. 11 C 5340, 2012 U.S. Dist. LEXIS 75976, at *9 (N.D. Ill. June 1, 2012) (pleading that repossession agent lifted and moved occupied vehicle stated claim for breach of the peace)

56. By lifting the Vehicle while it was occupied, Dust Bowl used force on the body of Ms. Dowlearn

57. By using force on the body of Ms. Dowlearn during the repossession, Dust Bowl breached the peace.

58. Enlisting or attempting to enlist law enforcement officers in a repossession is a constructive use of force and a breach of the peace. *Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503).

59. Dust Bowl enlisted law enforcement officers in the repossession and thereby breached the peace.

60. A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020); *Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6).

61. By continuing with the repossession after it lost the right to do so, Dust Bowl violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

62. As the debt collector that hired Dust Bowl, PAR is liable for Dust Bowl's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Dust Bowl violated 15 U.S.C. § 1692f(6)(A);

7

b) Adjudging that PAR, as the debt collector that hired Dust Bowl, is liable for Dust Bowl's FDCPA violation.

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
## LFS

63. Plaintiff repeats and re-alleges each factual allegation contained above.

64. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

65. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

66. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

67. A repossession agent breaches the peace if it uses force during a repossession.

68. A repossession agent breaches the peace if it enlists or attempts to enlist law enforcement officers in a repossession.

8

69. Secured creditors have a nondelegable duty not to breach the peace. Courts may hold them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See* Official Comment 3 to TEX. BUS. & COM. CODE § 9.609 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

70. LFS's repossession agents breached the peace by continuing the repossession in the face of Plaintiff and Ms. Dowlearn's protests, using force on Ms. Dowlearn's body, and by enlisting the help of law enforcement officers in the repossession.

71. LFS violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agent, Dust Bowl, breached the peace to repossess Plaintiff's Vehicle.

72. In violating Plaintiff's rights under TEX. BUS. & COM. CODE § 9.609(b)(2), LFS's repossession agents acted with malice and/or gross neglect.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LFS violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b) Awarding Plaintiff statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

73. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 15, 2024

            Respectfully submitted,

            <u>/s/ Russell S. Thompson, IV</u>
            Russell S. Thompson, IV
            Thompson Consumer Law Group, PC
            11445 E Via Linda, Ste. 2 #492
            Scottsdale, AZ 85259
            Telephone:  (602) 388-8898
            Facsimile: (866) 317-2674
            rthompson@ThompsonConsumerLaw.com

            Attorneys for Plaintiff